# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist WILLIAM C. MILLAY**
**United States Army, Appellant**

ARMY 20130341

Headquarters, United States Army Alaska
David L. Conn, Military Judge (arraignment)
Timothy Grammel, Military Judge (trial)
Colonel Tyler J. Harder, Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA (on brief).

18 October 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Senior Judge:

Where the government is responsible for 593 days of post-trial delay, we grant relief.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of violating lawful general regulations, attempted espionage, making a false official statement, violating 18 U.S.C. § 793(d) (Gathering, Transmitting, or Losing Defense Information), and violating the general article by solicitation to commit espionage, in violation of Articles 92, 106(a), 107, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 906(a), 907, 934 (2006) [hereinafter UCMJ].  A panel composed of officer and enlisted members sentenced appellant to a dishonorable discharge, confinement for nineteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The military judge credited appellant with 535 days of pretrial confinement credit against the sentence to confinement.  Pursuant to a pretrial agreement, the convening authority

approved only so much of the adjudged sentence as provided for a dishonorable discharge, confinement for sixteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1. He also approved 535 days of confinement credit.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error—dilatory post-trial delay—which merits relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

## LAW AND DISCUSSION

The panel sentenced appellant on 15 April 2013. Trial and defense counsel received the record of trial (ROT) for review on 9 February 2014. Defense counsel completed his examination of the 552-page ROT on 7 March 2014 and trial counsel completed his examination on 10 March 2014.[*]

After resolving issues involving the review of a classified record, the military judge received the ROT on 27 May 2014, completed his initial review on 8 June 2014, and returned the ROT for corrections. He received the corrected ROT on 17 June 2014, and completed his review on 18 June 2014. The Staff Judge Advocate (SJA) signed his recommendation (SJAR) on 22 September 2014.

Appellant was served with the ROT and SJAR on 24 October 2014, and fifty-three days later on 16 December 2014, his counsel submitted matters to the convening authority under Rule for Courts-Martial [R.C.M.] 1105. Article 60(b)(1), UCMJ, provides that an accused's submissions to the convening authority "shall be made within 10 days after the accused has been given an authenticated record of trial and, if applicable, the recommendation of the staff judge advocate." If an accused shows additional time is required to submit matters, for "good cause" the government "may extend the applicable period . . . for *not more than* an additional 20 days." UCMJ art. 60(b)(2) (emphasis added). The initial ten-day period is attributable to the government, the next twenty-day period is attributable to the defense, and the remainder is attributable to the government because Article 60(b)(2), UCMJ, prohibits the government from granting an extension beyond twenty-days. *United States v. Banks*, 75 M.J. 746, 2016 CCA LEXIS 483, at *5-6 (Army Ct. Crim. App. 16 Aug. 2016).

The SJA signed his addendum to the SJAR on 18 December 2014, and the convening authority took action on 19 December 2014. The ROT arrived at this court on 8 January 2015 and was received by the Defense Appellant Division on 12

---

[*]The time the trial counsel took to review the record does not count as defense delay. *See e.g. United States v. Toro*, ARMY 20130441, 2015 CCA LEXIS 450, at *11 fn. 17 (Army Ct. Crim. App. 23 October 2015).

January 2015. Appellant filed his brief over six months later on 31 July 2015. The government responded another six months later on 19 February 2016. Appellant moved this court for speedy review of his case on 31 August 2016.

Of the 613 days from sentence to action, the defense is responsible for twenty days and the government is responsible for 593 days. There is a presumption of unreasonable delay where the convening authority does not take action within 120 days of the completion of trial. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The government asserts as the most compelling reasons for the delay, "the complexity of this court-martial, the fact it contained numerous classified records, and the handling of these classified records took additional time." Appellant did not assert his right to speedy post-trial processing until his appeal and does not claim prejudice because of the delay.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We find relief from this court is appropriate. As such this court provides relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a dishonorable discharge, confinement for fifteen years and eleven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court